*E-FILED 11-23-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUE A. LEEDER,<br><br>        Plaintiff,<br>  v.<br><br>SECRETARY OF DEFENSE, LEON E. PANETTA, DEPARTMENT OF DEFENSE,<br><br>        Defendant.<br>_____/ | No. C10-01822 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>**[Re: Docket No. 56]** |

This is an employment discrimination action brought by plaintiff Sue A. Leeder, a former employee of the Defense Contract Audit Agency (DCAA).

Defendant moves for entry of a protective order governing materials to be produced in discovery. Both sides agree that a protective order is appropriate. The only dispute is whether a single-tier "Confidential" provision is sufficient (plaintiff's view), or whether a second-tier "Highly Confidential–Attorney's Eyes Only" (AEO) provision reasonably is necessary (defendant's contention). Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants defendant's motion for protective order, with some modification, as discussed below.

At this point, no one knows all of the kinds of documentation that may come into play in this litigation. Nevertheless, on the record presented, and having weighed legitimate competing interests and possible prejudice, this court finds that defendant's proposed order strikes an

1  appropriate balance between interests in liberal discovery and in safeguarding sensitive
2  information. The court cannot exclude the possibility that there may well be documents
3  produced that will require greater protection than that afforded under a "Confidential"
4  designation. Plaintiff has not managed to persuade that she should be free to make wholesale
5  disclosure of designated documents to any DCAA employee. Nor is it readily apparent that
6  permitting an AEO designation will hamstring plaintiff in the prosecution of this case.
7  Defendant has represented to the court that plaintiff herself may access (1) documents
8  pertaining to audits on which she worked and (2) 18 audit files that defendant says it is prepared
9  to produce—notwithstanding that those documents may be designated AEO. In any event, if
10 the parties should disagree whether a particular confidentiality designation is justified, there are
11 procedures for challenging the designation and resolving any such disputes.

12    Accordingly, the court will enter the proposed protective order submitted by defendant,
13 with modifications to reflect that (1) the court will limit its jurisdiction to enforce the terms of
14 the protective order after final disposition of the litigation; and (2) in the event of any disclosure
15 or other discovery-related dispute, the parties (and any affected non-parties) shall comply with
16 the undersigned's Standing Order re Civil Discovery Disputes.

17    SO ORDERED.
18 Dated: November 23, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1   5:10-cv-01822-HRL Notice has been electronically mailed to:

2   Claire T. Cormier     claire.cormier@usdoj.gov

3   Mark Walter Hostetter     mwhlegal@gmail.com

4   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California