*E-FILED: June 18, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUE A. LEEDER,<br><br>   Plaintiff,<br>   v.<br><br>SECRETARY OF DEFENSE, LEON E. PANETTA, DEPARTMENT OF DEFENSE,<br><br>   Defendant.<br>_____/ | No. C10-01822 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND (2) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS** |

Plaintiff Sue A. Leeder is a former employee of the Defense Contract Audit Agency (DCAA). She sues for alleged disability discrimination and retaliation she claims to have suffered during the period of her employment there. Plaintiff previously moved for an order compelling defendant to produce documents responsive to Requests 3, 4, 8, 10-12, 14, 21, 22, 29, 31, and 32. She also requested monetary sanctions. Defendant opposed the motion.

Defendant says that meet-and-confer negotiations were not exhausted prior to the filing of plaintiff's motion. And indeed, from the outset, the issues raised in the motion presented a moving target. After the motion was filed, the parties filed progress reports updating the court on the status of their disputes. After the motion was heard, the parties filed additional status reports, advising that they had resolved some matters; that they continued to confer about others; and that some issues would require a court ruling.

The court eventually issued an order directing the parties to file a joint report clearly

1 indicating all requests (including subparts and sub-subparts) that had been resolved and those
2 that remained in dispute.  Because the parties reported that they resolved their disputes as to
3 Requests 11 (subparts a-g and j), 21, and 22, plaintiff's motion to compel was denied as moot as
4 to those requests.

5   The parties have filed their joint report, and the matter was deemed submitted upon the
6 filing of that document.  Having considered the joint report and the parties' respective positions
7 stated therein, the court rules as follows:

8 A. <u>Resolved Matters</u>

9   The parties say that they have resolved their differences with respect to Requests 3, 8,
10 10 (<u>except</u> for subparts 10p and 10t), 11, 12, 14, 21, 22, 29, and 31.  Plaintiff has withdrawn her
11 motion to compel as to those requests (without prejudice), and all issues previously raised with
12 respect to those requests (and related subparts) are deemed moot.

13 B. <u>Request 4</u>

14   Plaintiff seeks documents pertaining to any formal or informal complaints of
15 discrimination, harassment, or retaliation over a 10-year period with respect to a number of
16 people who reportedly were involved in some capacity with her employment.  Defendant
17 objects to the scope of this request, and contends that the only possibly relevant documents are
18 those pertaining to any disability or retaliation claims made against Shing Chak Lee and Ellen
19 Hoffer, plaintiff's first- and second-level supervisors.  Defendant says that it has found one
20 responsive file pertaining to an EEO investigation re Hoffer, but will not produce it without a
21 court order, citing privacy interests.

22   On the record presented, the court agrees that this request is overbroad, and that it
23 should be limited to Hoffer and Lee and to complaints similar to the ones asserted in this
24 lawsuit.  Assuming that the Hoffer file defendant found falls within the limitations discussed
25 above, the court finds that the information is relevant or reasonably calculated to lead to the
26 discovery of admissible evidence and that plaintiff's need for the material outweighs the privacy
27 interests of the individuals involved—particularly, when there is a protective order in place to
28 safeguard sensitive information.  Accordingly, within 14 days from the date of this order,

1  defendant shall produce the Hoffer file, subject to an appropriate designation under the
2  protective order entered in this case.[1]  Names shall not be redacted, but irrelevant personal
3  information (such as Social Security numbers and dates of birth) may be redacted.  Plaintiff's
4  motion as to this request is otherwise denied because she has not convincingly demonstrated
5  that the requested information is relevant or reasonably calculated to lead to the discovery of
6  admissible evidence.  FED. R. CIV. P. 26(b)(1).

C.   Requests 10p and 10t

These requests seek performance evaluations for five DCAA auditors, who are alleged to be plaintiff's comparators:  Alex Kammerer, Lorraine Laurente, Chivara Omine, Linh Tran, and Mike Won.  Specifically, Request 10p seeks pages 1-3 of "the annual DCAA Form 1409-1" that these individuals received in 2007.  Request 10t asks for the "DCAA Quality Checklist for FAO Manager Review of Audit Working Papers" completed by Hoffer near these individuals' respective first year of employment.  Defendant disputes that these individuals are comparators, pointing out that they worked in different locations and had a different first-level supervisor.  Leeder and the alleged comparators did, however, have Hoffer as a second-level supervisor.

In determining if other employees are comparators, the key inquiry is whether they are similarly situated in all material respects to the plaintiff.  Bowden v. Potter, 308 F. Supp.2d 1108, 1117 (N.D. Cal. 2004).  The court does not decide now whether these other auditors are valid comparators.  But, for discovery purposes, the court finds that plaintiff has made a sufficient showing of relevance to her claims and will give her some leeway in discovery.  Moreover, the requests in question do not seek wide-ranging discovery of these individuals'

---

[1] When plaintiff's motion to compel originally was filed, the parties disputed whether any protective order to be entered should include a "Highly Confidential–Attorney's Eyes Only" (AEO) designation, in addition to a lower-level "Confidential" one.  The court subsequently entered a protective order allowing for two tiers of confidentiality.  In the parties' joint report, their dispute apparently has now morphed into one over whether certain documents—if ordered produced by the court—properly may be designated AEO, such that only plaintiff's counsel is permitted to access them.  On the record presented, the court is not satisfied that this issue properly has been presented for resolution.  Plaintiff simply says that she will agree to treat as "Confidential" information that defendant apparently intends to designate "AEO."  If any dispute arises with respect to the actual designation of defendant's documents, and if good faith meet-and-confer negotiations do not resolve the matter, the parties may bring it to the court's attention in accordance with challenge procedures set out in the protective order.

3

1  personnel files, but rather, specific pages and forms from a narrow time frame. Plaintiff agrees
2  that individuals' Social Security numbers may be redacted. The information may be produced
3  by defendant subject to an appropriate designation under the protective order entered in this
4  case. Defendant shall produce responsive records within 14 days from the date of this order.

D.  Request 32

This request seeks performance evaluations of plaintiff's supervisors, Lee and Hoffer, apparently contained in the "2006 to 2007 annual DCAA Form 1409-1." The time period covered by the request is October 1, 2006 to September 30, 2007. Defendant argues that these records are irrelevant and are protected by Hoffer's and Lee's privacy interests in any event. According to plaintiff, these records will show how Hoffer and Lee were evaluated with respect to certain efficiency goals, apparently referred to as "metric goals" or "metrics." Plaintiff says that auditors often could not meet these metric goals without working (unpaid) overtime. Because plaintiff says that she could not work more than 40 hours per week due to her disability, she believes that Hoffer's and Lee's evaluations will, in turn, prove that Hoffer and Lee were motivated to discriminate against her.

The court will grant plaintiff's request for discovery as to Lee's and Hoffer's evaluations, but only as to information in the 2006 to 2007 annual DCAA Form 1409-1 that pertains to the so-called "metric goals." Plaintiff's request for any other information that might be contained in the requested records is denied because she has not demonstrated that the information is relevant or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

E.  Plaintiff's Request for Sanctions

Plaintiff's request for sanctions is denied. The court does not find that sanctions are warranted. Moreover, it seems that better (or, at least, completed) meet-and-confer negotiations might well have resulted in more focused and efficient motions practice.

SO ORDERED.

Dated: June 18, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  5:10-cv-01822-HRL Notice has been electronically mailed to:

2  Claire T. Cormier    claire.cormier@usdoj.gov

3  Mark Walter Hostetter    mwhlegal@gmail.com